IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
No. 3:22-cv-00594

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>CHOATE CONSTRUCTION COMPANY,<br><br>  Defendant. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Pursuant to the Federal Rules of Civil Procedure, Employers Mutual Casualty Company ("EMC") files this Complaint against Defendant Choate Construction Company ("Choate").

## PARTIES AND JURISDICTION

1. EMC is an insurance company formed under the laws of Iowa with its principal place of business in Des Moines, Iowa. EMC is authorized to do business in the state of North Carolina, and, at all relevant times hereto, was engaged in the business of issuing insurance policies in the state of North Carolina.

2. Choate is a corporation formed under the laws of the Georgia with its principal place of business in Atlanta, Georgia. Upon information and belief, Choate is authorized to conduct business in the state of North Carolina, and, at all relevant times hereto, was engaged in the business of commercial construction in the state of North Carolina.

3. The amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00.

4. This Court has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1322 because there is complete diversity of citizenship of all the properly joined

parties, and the amount in controversy in this civil action, exclusive of interests and costs, exceeds the sum of $75,000.00.

## FACTUAL BACKGROUND

5. This matter arises from the construction of a 205-unit student housing complex known as Arcadia Student Living in Charlotte, North Carolina ("the Property").

6. Choate was the general contractor that built the Project.

7. Upon information and belief, Choate contracted with a number of subcontractors for the Project, including, but not limited to, Palmetto Waterproofing, LLC ("Palmetto Waterproofing").

8. Following the construction, the owner of the Property, Charlotte Student Housing, DST ("CSH"), and the landlord of the tenant leases at the Property, Charlotte Student Housing LeaseCo, LLC ("LeaseCo"), made a claim against Choate for a number of alleged construction defects at the Property.

9. Pursuant to an arbitration agreement between the parties, the claim was submitted for arbitration before the American Arbitration Association Construction Industry Arbitration Tribunal.

10. After the claim was made against Choate by CSH and LeaseCo, Choate tendered its defense and indemnity to its various subcontractors for the Project and their insurers, including EMC.

11. EMC issued a series of commercial general liability policies to Palmetto Waterproofing from October 26, 2015 to October 26, 2018.

12. Pursuant to the subcontract between Choate and Palmetto Waterproofing in which Palmetto Waterproofing agreed to name Choate as an additional insured on its commercial

general liability policies and certain language in the potentially applicable commercial general liability policy issued by EMC to Palmetto Waterproofing, EMC agreed to participate in the defense of Choate as an additional insured subject to a reservation of rights.

13. In addition to EMC, a number of other insurers agreed to participate in the defense of Choate as an additional insured under their respective policies.

14. Upon information and belief, rather than the numerous insurers that agreed to participate in the defense of Choate providing their own defense counsel, Choate and the insurers agreed that they would split Choate's defense costs pursuant to their respective shares of the risk.

15. In addition, Choate agreed, rather than accepting new defense counsel within the agreed upon hourly rate by the insurers, to bear the difference in defense costs the insurers agreed to pay and the costs of Choate's chosen defense counsel.

16. Pursuant to the aforementioned agreement, during the course of the arbitration, EMC paid approximately $660,917.51 in attorney's fees, costs, and expenses to Choate's defense counsel.

17. On July 1, 2021, the arbitration panel issued a final award in Choate's favor. The award was based, in part, on an affidavit submitted to the arbitration panel by Choate's attorney attesting to the amount of attorneys fees it purportedly occurred during the arbitration.

18. Choate was awarded its arbitration costs and attorney's fees in the amount $3,196,796.00 to be paid within thirty (30) days of the final award. The attorney's fees Choate was awarded included the approximately $660,917.51 paid by EMC.

19. Upon information and belief, following the final award, Choate, CSH, and LeaseCo engaged in settlement negotiations.

20. Specifically, CSH and LeaseCo offered to pay Choate 50% of the final award in exchange for an agreement to forego an appeal of the final award.

21. Counsel for Choate, Brian G. Corgan with the law firm Kilpatrick Townsend & Stockton LLC, informed the various insurers participating in the defense of Choate of the offer.

22. Thereafter, on August 27, 2021, Mr. Corgan requested that four of the insurers participating in Choate's defense, including EMC, agree to a cumulative $300,000.00 reduction in their attorney's fees, costs, and expenses so as to submit a counteroffer to CSH and LeaseCo in the amount of $3,018,000.00.

23. Specifically, as to EMC, Mr. Corgan requested that EMC agree to a $100,000.00 reduction in its attorney's fees, costs, and expenses.

24. After substantial back and forth among Choate and the insurers, EMC and the other insurers agreed to the cumulative $300,000.00 reduction.

25. EMC in particular agreed to reduce its amount owed for attorney's fees, costs, and expenses from the approximately $660,917.51 to $560,917.51.

26. In September 2021, CSH and LeaseCo agreed to the pay Choate $3,018,000.00.

27. On November 23, 2021, more than two months after the settlement agreement between the parties was reached, undersigned counsel on behalf of EMC sent payment instructions and a request for reimbursement in the amount of $560,917.51 by Friday, December 3, 2021 to Choate.

28. Choate did not issue payment or otherwise respond to EMC's request by Friday, December 3, 2021.

29. On December 14, 2021, undersigned counsel on behalf of EMC again sent payment instructions and a renewed request for reimbursement in the amount of $560,917.51 to Choate.

30. Choate did not issue payment or otherwise respond to EMC's renewed request for reimbursement dated December 14, 2021.

31. Around the same time, the other three insurers who had participated in Choate's defense, Penn National Insurance Company ("Penn National"), Hartford Insurance Company ("Hartford"), and Frankenmuth Insurance Company ("FMIC") also sent demands to Choate for reimbursement.

32. To date, Choate has not issued payment to EMC, Penn National, Hartford, and FMIC for their attorney's fees, costs, and expenses.

### FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

33. EMC realleges and incorporates the allegations of paragraphs above.

34. EMC and Choate entered into an agreement by which Choate agreed to reimburse EMC for its attorney's fees, costs, and expenses in the amount of $560,917.51 upon receipt of the $3,018,000.00 settlement agreement between Choate, CSH, and LeaseCo.

35. Upon information and belief, Choate was paid $3,018,000.00 pursuant to the settlement agreement with CSH and LeaseCo.

36. Despite multiple requests, as of today's date, Choate has failed to reimburse EMC for its attorney's fees, costs, and expenses in the amount of $560,917.51.

37. As a result of Choate's breach of the contract, EMC is entitled to an award of damages in the amount of at least $560,917.51.

### FOR A SECOND ALTERNATIVE CAUSE OF ACTION

## (UNJUST ENRICHMENT)

38. EMC realleges and incorporates the allegations of paragraphs above and asserts this cause of action in the alternative to its cause of action for breach of contract.

39. EMC paid approximately $660,917.51 in attorney's fees, costs, and expenses on behalf of Choate in the defense of the arbitration proceeding.

40. Choate agreed to the nature of the agreement relating to its defense and the manner in which costs and fees would be split and reimbursed among the various insurers, including, but not limited, to EMC.

41. EMC participated in the defense of Choate subject to a full and complete reservation of rights.

42. Choate was awarded $3,196,796.00 by the arbitration panel for the attorney's fees, costs, and expenses incurred in defending the arbitration proceeding, including the approximately $660,917.51 in attorney's fees, costs, and expenses paid by EMC on behalf of Choate.

43. Upon information and belief, Choate was paid $3,018,000.00 pursuant to a settlement agreement with CSH and LeaseCo.

44. Despite multiple requests, as of today's date, Choate has failed to reimburse EMC for its attorney's fees, costs, and expenses in the amount of approximately $660,917.51.

45. As a result, Choate has been unjustly enriched and EMC is entitled to an award of damages in an amount not less than $660,917.51.

## **PRAYER FOR RELIEF**

Plaintiff Employers Mutual Casualty Company respectfully prays for the following relief:

- That EMC have and recover judgment of Choate for its breach of contract in an amount of $560,917.51 for EMC's respective actual, special, and compensatory damages;

- In the alternative, that EMC have and recover judgment of Choate for its unjust enrichment in an amount of the approximately $660,917.51 for EMC's respective actual, special, and compensatory damages;

- That EMC have and recover all costs, prejudgment and post-judgment interest, and attorneys' fees to the greatest extent permitted by law;

- That EMC have a trial by jury on all issues so triable; and

- That EMC have all such other and further relief as may be just and proper.

Respectfully Submitted,

October 29, 2022

/s/ James M. Dedman, IV
James M. Dedman, IV (N.C. Bar No. 37415)
Natalie R. Ecker (N.C. Bar No. 56038)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
(704) 227-1944
(704) 362-4850 FAX
jdedman@gwblawfirm.com
eckern@gwblawfirm.com

*Attorneys for Plaintiff,
Employers Mutual Casualty Company*